IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**NORMAN PLACE, LP**  **PLAINTIFF**
a Mississippi Limited Partnership

**V.**  **CASE NO. 2:07CV118**

**AA COMMUNICATIONS, INC. a Nevada
Corporation, and JAMES ZOUCHA, Individually
and joined as necessary defendants under Rule 19
and 20 of the FRCP, UNITED STATES OF
AMERICA ON BEHALF OF THE DEPARTMENT
OF AGRICULTURE RURAL DEVELOPMENT,
GUARANTY BANK & TRUST COMPANY,
CAPITAL ONE, NA, and MILLS & MILLS
ARCHITECTS, PC**  **DEFENDANTS**

## ORDER

This cause comes before the court on the plaintiff's complaint [1] for a temporary restraining order, preliminary injunction, and other relief. In order to qualify for a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; 3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). A preliminary injunction is an extraordinary remedy which should only be granted if the party seeking the injunction has clearly carried the burden of persuasion on all four requirements. *Id.* at 363.

After hearing held on July 26 and 27 and appearance through counsel of AA

Communications, Inc. and James Zoucha, the court finds that there is a substantial likelihood that the plaintiff will prevail on the merits. The plaintiff produced evidence demonstrating that subcontractors on the project had not been paid and that other debts incurred during the course of construction were not paid, in apparent breach of the terms of the contract. There is also a substantial threat that the plaintiff will suffer irreparable injury if an injunction is not granted. The plaintiff has produced evidence and testimony that the success of the Norman Place project rests on time sensitive tax breaks and incentives. Failure to complete this project before the end of 2007 would result in Norman Place becoming ineligible for the tax breaks necessary for the project to be profitable. Further, the harm the denial of injunctive relief would cause to the plaintiff greatly outweighs the harm to the defendants. AA Communications stopped work on the Norman Place project on either June 22 or July 9, depending on which witnesses can be believed, and has not returned. Clearly injunctive relief does not substantially alter the position that AA Communications has already placed itself in, since injunctive relief in this instance would require AA Communications to cease work. Finally, this court is not of the opinion that a grant of injunctive relief will disserve the public interest. On the contrary, the Norman Place project is designed to provide low and middle income housing to residents of Mound Bayou. It would be in the best interest of society for this project to be timely completed.

Since the plaintiff has satisfied all four requirements for injunctive relief, the plaintiff's request for a preliminary injunction is hereby GRANTED. Norman Place, LP's contractual relationship with AA Communications is hereby severed and Norman Place may hire another contractor to complete its project. This court also grants all relief requested against Capital One, NA, due to its failure to appear and defend after having been properly summonsed and grants all relief requested against James Zoucha as no proof has been presented exonerating Zoucha from liability. Specifically, Capital One, NA and James Zoucha are ordered to permit Norman Place,

LP to access the escrow funds held by Capital One to pay for the project, including obligations to suppliers and contractors who provided work on this project and related expenses such as attorney fees. Any request to access funds will be based upon project approval, and ten (10) days notice to counsel for AA Communications, Inc. Any objection filed by AA Communications within the ten (10) day period will not prevent Norman Place from accessing the aforementioned funds without further litigation.

In procuring the completion of the work, Norman Place will provide counsel for AA Communications copies of all documentation provided to and received from such prospective contractor(s), and permit AA Communications to conduct its own completion cost analysis, including site visit(s) for such purpose. AA Communications will cause no interference or delay and will in turn provide to Norman Place, LP all documentation provided to and received from such contractor(s). However, this court does not grant the relief requested with respect to the June 29, 2007 Order entered in the Bolivar County Chancery Court due to this court's disinclination to intervene in matters more appropriately resolved in state court.

This order is to go into effect upon sufficient payment of bond in the amount of $125,000 to be filed by the plaintiff, with sufficient sureties for the payment of such costs and damages as may be incurred or suffered by any party to be found to have been wrongfully enjoined or restrained.

SO ORDERED, this the 27th day of July, 2007 at 3:55 p.m.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**