IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

NORMAN PLACE, LP
a Mississippi Limited Partnership                                        PLAINTIFF

v.                                                          CIVIL ACTION NO. 2:07CV118-M-A

A A COMMUNICATIONS, INC., ET AL.
DEFENDANTS

# ORDER

Plaintiff Norman Place, LP, requests the court to compel responses by defendant Capital One, Inc., to its interrogatories, request for production of documents, and request for admissions propounded by plaintiff on June 13, 2008 [79]. The Capital One filed its responses to the discovery requests on July 14, 2008 [83], and responds that plaintiff's motion has failed to comply with Local Rules 37.1(A) and 37.1(B), is "largely unintelligible," fails to specify alleged deficiencies of its responses and objections, and fails to specify the relief it is requesting [88].

In its motion, the plaintiff requests that the court "particularly address Trust issues as shown by Exhibit 'A' ," "specifically address La. Rev. Stat. § 6:333 ," "specifically address the individual who identified himself as a paralegal for Capital One...," "specifically address the procedures of the Trust Dept. of Capital One, Inc., in accepting any Trust assets," and to "address other matters which will allow further discovery to take place...." See Plaintiff's Motion to Compel, ¶ 1-5. Such a blanket request to the court is improper under Local Rule 37.1(B). In addition to these general requests, the plaintiff also disregarded Local Rule 37.1(A) which requires the attachment of a good faith certificate to its motion.

Most importantly, the plaintiff's motion is deficient in that it fails to inform the court

which of the responses it believes the defendant has not fully answered. Under Rule 37.1(B) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND SOUTHERN DISTRICT OF MISSISSIPPI, a party filing a motion addressing discovery requests "shall quote verbatim each interrogatory, request for production, or request for admission" it believes the opposing party has not adequately addressed. Further, the motion is to state a specific objection to each perceived deficiency and the grounds upon which each objection is made. Plaintiff's motion is merely general in nature and fails to specify which responses to its discovery requests it wishes the court to address. As such, the court cannot compel any discovery responses as it has no understanding of the plaintiff's actual requests. This deficiency in and of itself is grounds for the court to deny the motion.

Additionally, under Local Rule 37.1(A), a party serving a discovery motion must also prepare a good faith certificate detailing the alleged lack of cooperation. Plaintiff's motion presently before the court was not accompanied by a good faith certificate, attesting that it attempted to resolve this discovery dispute without court intervention.

For these reasons, it is **ORDERED**

That Plaintiff's motion to compel discovery is DENIED.

This the 27th of August, 2008.

                                                /s/ S. ALLAN ALEXANDER
                                            UNITED STATES MAGISTRATE JUDGE