**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**NORMAN PLACE, LP**                                                                                             **PLAINTIFF**

**V.**                      **CASE NO. 2:07CV118**

**AA COMMUNICATIONS, INC., et al**                      **DEFENDANTS**

## ORDER

This cause comes before the court on the motion [200] of interpleader defendant, James J. Donelon, Commissioner of Insurance for the State of Louisiana, to dismiss or in the alternative for the court to abstain from hearing the instant interpleader action. Before the court decides that motion it also considers the motion [290] of defendant/interpleader plaintiff, Capital One, N.A. ("Capital One"), to file a surrebuttal brief.

The court finds Capital One's motion to file a surrebuttal brief well taken and that motion shall be granted. The surrebutal brief has been filed and will be considered as the court decides the instant motion.

This lawsuit was initially brought by plaintiff, Norman Place, LP ("Norman Place"), as a contract dispute. The dispute involved the construction of a 24-unit apartment complex in Mound Bayou, Mississippi. Templebloc, Inc. began the construction, but then entered into an assignment agreement with defendant/interpleader defendant, AA Communications, Inc. ("AA"). The suit alleged AA failed to move the project forward on a number of fronts and that among other remedies its contract should be rescinded.

The initial complaint also named James Zoucha, The United States of America on Behalf of the Department of Agriculture Rural Development, Guaranty Bank & Trust Company, Capital

One, and Mills & Mills Architects, PC as defendants.

The court held a hearing on this matter and granted injunctive relief. Norman Place's contractual relationship with AA was severed. Norman Place was further allowed to hire another contractor to complete the project.

Capital One failed to appear. The complaint stated Capital One had entered into a surety, performance bond, and escrow agreement related to the project. The court ordered Capital One to pay for the completion of the project with the funds in escrow.

In October 2007, three months after the court's initial ruling, Capital One filed an answer to Norman Place's complaint. Capital One also filed a cross-complaint against AA and an interpleader action. The interpleader complaint alleged thirteen parties were making claims against 950,000 units of ownership in interpleader defendant, Magno, L.L.C. Those thirteen parties are AA, Zoucha, The United States Air Force, ARMY Contracting Agency, Norman Place, National Aeronautics and Space Administration, Heery International, Inc., Donelon, Thelma C. Magno, Magno, L.L.C, Magno-Humpries, Inc., Magno-Humphries Laboratories, and the Department of Agriculture. The court allowed Capital One to deposit into the registry of the court the 950,000 units.

The interpleader complaint informed the court that Donelon filed suit in Louisiana against several of the parties involved in this action. The purpose of that suit was to prohibit Gwen Moyo, Zoucha, and AA from conducting unauthorized insurance business in Louisiana. On November 17, 2006, the state court ordered Donelon to "take possession and control of the property, bank accounts, safety deposit boxes, accounts and other assets of the defendants" in that suit. That order included the 950,000 units of Magno, L.L.C. in question. This property was not turned over in that action, but was instead interplead into this court.

Donelon now argues the Louisiana state court's decision in the matter robs this court of subject matter jurisdiction or alternatively this court should abstain from hearing this matter until the completion of the state court suit.

There are two types of interpleader actions in federal court: statutory interpleader and rule interpleader. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22. The interpleader complaint filed in this matter invokes jurisdiction only under the statutory scheme. However, Capital One's response to the instant motion also invokes jurisdiction under Rule 22. Rule 22 requires complete diversity between the parties. *See Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Complete diversity, as required by 18 U.S.C. § 1332, does not exist in this case and the court can not exercise rule interpleader jurisdiction over this matter.

Donelon argues the Anti-Injunction Act, 28 U.S.C. § 2283, prevents the suit from moving forward. The Anti-Injunction Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

Donelon offers little explanation as to how the Anti-Injunction Act effects the current dispute. He cites four Anti-Injunction Act cases which have little relevance to issues at hand and then makes the summary argument that the Act is applicable because this case requires federal interference with state court litigation. Capital One responds that the Act is not implicated here because the parties to the two suits are different and that even if the Act did apply it would not prevent this court from issuing an injunction.

The issues raised are obviously more complicated than the parties' briefs would indicate.

*See, e.g.* Donald L. Doernberg, *What's Wrong With this Picture?: Rule interpleader, the Anti-Injunction Act, In Personam Jurisdiction, and M.C. Escher*, 67 U. COLO. L. REV. 551 (1996) (discussing the interplay between interpleader actions and the Anti-Injunction Act). However, the Anti-Injunction Act does not prohibit statutory interpleader actions. 28 U.S.C. § 2361 states:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.[1]

Congress has specifically given injunctive power to federal courts when dealing with statutory interpleader actions. As such the Anti-Injunction Act is not a bar to this court hearing the instant matter.

Donelon next argues the McCarran Ferguson Act, 15 U.S.C. § 1011, et seq., prohibits this court from resolving the parties' dispute. The Act states:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b).

Donelon's contention is that Louisiana's statutory insurance scheme is implicated by the state court suit; that scheme is a comprehensive regulation of insurance; and federal courts are barred from interfering with the statutory scheme. Capital One argues that even if this suit required decisions under Louisiana's insurance code this court could enforce that law.

---

[1] The court would note the power to issue an injunction is entirely within its discretion. Shell Pipe Line Corp. v. West Texas Marketing Corp., 540 F. Supp. 155 (S.D. Tex. 1982). To this point no party has requested the court issue such an injunction. As discussed below the court finds the issuance of such an injunction would infringe on Louisiana's right to adjudicate the unauthorized insurance practices dispute in its courts.

The purpose of the state court suit is to prohibit unauthorized insurance activities pursuant to LA. REV. STAT. ANN. § 22:1901, *et seq.*. LA. REV. STAT. ANN. § 22:1904 states:

> Whenever the commissioner of insurance believes, from evidence satisfactory to him, that any person or insurer is violating or about to violate any provision of the Part or any order or requirement of the commissioner issued or promulgated pursuant to authority granted the commissioner by any provision of this Code or by law, he may bring an action in the name of the people of the State of Louisiana in the District Court for the Nineteenth Judicial District, Baton Rouge, Louisiana, against such person or insurer to enjoin such person or insurer from continuing such violation or engaging therein or doing any act in furtherance thereof.

Capital One points to a seemingly contradictory portion of the statutory scheme which states the purpose of the statute is to:

> [p]rovid[e] a system pursuant to this Part which subjects unauthorized insurance activities in this state to the jurisdiction of the insurance commissioner and state and federal courts in suits by or on behalf of the state.

LA. REV. STAT. ANN. § 22:1901(6).

The Fifth Circuit dealt with a similiar issue in *Barnhardt Marine Ins., Inc. v. New England International Surety of America, Inc.* 961 F.2d 529 (1992). In *Barnhardt*, Louisiana's Insurance Commissioner brought suit in state court under Louisiana's comprehensive insurance statutory scheme. *Id*. at 530. Barnhardt then brought a contracts suit in federal court seeking assets at issue in the state court suit. *Id*.

The Fifth Circuit did not determine if the federal court could dispose of all claims, but found instead that "[t]he states have primary responsibility for regulating the insurance industry." *Id*. at 531 (citing the McCarran Ferguson Act, 15 U.S.C. § 1011). The court then found "*Burford*-type abstention" was appropriate so that the state insurance suit could be resolved before any remaining federal claims were heard. *Id*. (citing *Martin Insurance Agency, Inc. v.*

*Prudential Reinsurance Co.*, 910 F.2d 249 (5th Cir. 1990)) (referencing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). This solution avoided any potential problems in maintaining subject matter jurisidiction while showing appropriate deference to state courts.

In the instant matter Donelon has brought a legitimate state court claim related to Louisiana's insurance statutes. The state court has the power to control the assets interplead in this action. As such this court will follow *Barnhardt* and stay this action until the resolution of the state court action.[2] The court gives the parties ten days from the entry of this order to show cause as to why the units of ownership deposited in this courts' registry should not be turned over to the Louisiana state court.

Capital One's motion to file surrebuttal is GRANTED. Donelon's motion to dismiss or in the alternative for the court to abstain is GRANTED IN PART and DENIED IN PART. The court finds Donelon is not entitled to dismissal, but the court will abstain pending the resolution of the Louisiana state court decision.

This the 9th day of July, 2009.

                                                            **/s/ MICHAEL P. MILLS**
                                                            **CHIEF JUDGE**
                                                           **UNITED STATES DISTRICT COURT**
                                                           **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] Donelon's invocation of the McCarran Ferguson Act is an attempt to argue this court does not have subject matter jurisdiction over the interpleader assets to the extent those assets touch on insurance practices in Louisiana. Neither party cites *Barnhardt* as it relates to McCarran Ferguson. However, Donelon does ask the court to abstain under *Burford*, if the court finds subject matter jurisdiction exists. The court finds the application of *Barnhardt* allows the claims to eventually go forward in this court after Louisiana disposes of the insurance claims and is thus the proper form of action. The decision to rely on *Barnhardt* moots any claim the McCarran Ferguson Act robs this court of subject matter jurisdiction