# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**NORMAN PLACE, LP**
**a Mississippi Limited Partnership**                                                  **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 2:07cv118-MPM-SAA**

**AA COMMUNICATIONS, INC., et al.**                                          **DEFENDANTS**

## ORDER

THIS CAUSE having come on to be heard this day on the *ore tenus motion* of the defendant, interpleader plaintiff and plaintiff by substitution, CAPITAL ONE, N.A., formerly known as Hibernia National Bank ("Capital One"), seeking an order setting aside this Court's Order [Docket No. 370] granting the *Motion to Dismiss Without Prejudice* [Docket No. 365] filed by Norman Place, LP, and the Court, having considered the matter and the Response by Capital One [Docket 369], and the Court, having determined that the *Order* was entered in error and was a mistake arising from an oversight or omission subject to correction in accordance with the provisions of FED. R. CIV. P. 60(a) for the reasons set forth below and being of the opinion that the relief sought is appropriate and should be granted, hereby finds and determines as follows:

1.      This Court had previously entered that certain *Order of Dismissal With Prejudice* [Docket No. 357] dismissing, with prejudice, the claims brought by Norman Place against Capital One.  Subsequently, the Court entered its *Order* [Docket No. 358], substituting Capital One as the Plaintiff in the place and stead of Norman Place.  Norman Place is no longer a party in interest to any remaining matters to be litigated.

2.      The interpleader action based on Capital One's Interpleader Complaint, as amended, still remains a live controversy before this Court.  The remaining parties to the

Interpleader Complaint, as amended, are Capital One, as the interpleader plaintiff, and the following interpleader defendants: James E. Zoucha ("Zoucha"), AA Communications, Inc. ("AA Communications"), James J. Donelson, Commissioner of Insurance for the State of Louisiana (the "Louisiana Insurance Commissioner"), Thelma C. Magno, Magno, LLC, Magno-Humphries, Inc., and Magno-Humphries Laboratories, Incorporated (collectively, the "Magno Defendants.")

3.　　Capital One has announced to the Court its intention to file default proceedings against Zoucha and AA Communications in the Interpleader action, based on their failure to answer, respond to or otherwise defend the Interpleader Complaint, as amended.

4.　　The Court also has pending before it the Magno Defendants' *Motion for Partial Summary Judgment or in the Alternative, for Charging Order* [Docket No. 184], which has been fully briefed and is ripe for decision.

5.　　Capital One and the Magno Defendants have reached an agreement to settle and all claims or potential claims among them, and are in the process of finalizing that settlement, but they are first required to await the conclusion of the pending Louisiana litigation in order to do so. The agreement to settlement between Capital One and the Magno Defendants will resolve all remaining issues before this Court in the instant litigation.

6.　　Capital One and the Louisiana Insurance Commissioner have settled all of the issues between them and certain of the other parties in the multiple cases (Entek Mechanical Corporation and Great Southern Dredging, Inc.) currently pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (collectively, the "Louisiana Actions"), and settlement documents have been executed and a *Judgment* dated August 4, 2010 has been entered in the primary case in that litigation. Capital One, the Louisiana Insurance Commissioner and certain of the other parties to the Louisiana Actions are

awaiting that *Judgment* becoming final and nonappealable, which should occur prior to November 15, 2010.

7.     Capital One and the Magno Defendants will file a joint motion to dismiss the remainder of the instant litigation upon the expiration of the time for perfecting any appeal in the Louisiana Actions and upon the August 4, 2010 Judgment becoming final and nonappealable.

8.     Capital One has requested that this Court allow the remaining parties until November 15, 2010 to finalize the settlement of the Louisiana Actions, the majority of which time is the statutorily-designated time within which any aggrieved party in the Louisiana Actions may seek a new trial or file an appeal, at the conclusion of which time, Capital One and the Magno Defendants will file with this Court a joint motion to dismiss this action and tender to this Court a consent order of dismissal with prejudice, dismissing the balance of the instant action. The finalized settlement of the Louisiana Action will also resolve the issue of any claim by the Louisiana Insurance Commissioner to the Magno Certificate, the sole interpleader asset in the instant litigation.  It is therefore

ORDERED

1.     That the Court, pursuant to the provisions of FED. R. CIV. P. 60(a), hereby sets aside that certain *Order* [Docket No. 370] dated September 3, 2010, which was entered by mistake arising from oversight or omission, in that a preceding *Order* [Docket No. 357] had already disposed of the claims of Norman Place prior to the entry of the September 3 Order, and the Court hereby corrects that mistake by setting aside the September 3 Order [Docket No. 370].

2.     That the remaining parties to this litigation are hereby granted until November 15, 2010 to finalize the settlement of the Louisiana Actions and to finalize the settlement of the instant Interpleader Action.

3.       That Capital One and the Magno Defendants shall file and tender the requisite dismissal documents to this Court on or before November 15, 2010.

4.       That the previously established trial date and pre-trial conference date shall not be affected by this *Order,* so that the Court can proceed with the trial of this cause in the event the settlement is not timely completed or the dismissal documents submitted by November 15, 2010.

5.       In the event of an appeal of the Louisiana Actions or the August 4 Judgment entered therein, Capital One shall immediately report the same to this Court, which may take such other and further action at that time as may be necessitated by such appeal and the orderly management of this Court's docket.

SO ORDERED on this, the 6th day of October, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**


**APPROVED AND AGREED TO:**


     s/ H. Hunter Twiford, III
H. Hunter Twiford, III (MSB #8162)
McGLINCHEY STAFFORD, PLLC
Attorneys for Capital One, N.A.


     s/ Walter Alan Davis
Walter Alan Davis (MSB No. 9875)
DUNBAR DAVIS, PLLC
Attorneys for Magno LLC, Magno-Humphries, Inc.,
Magno-Humphries Laboratories, Inc.
and Thelma Magno

_____s/ Edward D. Markle_____

Edward D. Markle (MSB #10527)
Attorney for James L. Donelon,
Commissioner of Insurance for the State of Louisiana.




_____s/ M. Lee Graves_____

M. Lee Graves (MSB No. 4974)
Attorney at for Norman Place


251006.2